United States District Court
Southern District of Texas
**ENTERED**
June 04, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HENRY GEOVANNI ZECENA, | § § | CIVIL ACTION NUMBER 4:26-cv-04078 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARKWAYNE MULLIN, | § | |
| *et al,* | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Henry Geovanni Zecena filed a petition for writ of *habeas corpus* under 28 USC §2241 on May 22, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates the Due Process Clause of the Fifth Amendment. Id at ¶¶37–55. He apparently was detained on May 20, 2026. Id at ¶2.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi,* 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 5 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government for summary judgment. Dkt 6. It maintains that Petitioner is lawfully detained under 8 USC §1231(a)(6) pursuant to a final order of removal from 1997. Id at 1; see Dkt 6-1 (order of removal). It also maintains that Petitioner's detention of approximately two weeks is far short of the presumptively reasonable six-month duration stated in *Zadvydas v Davis,*

533 US 678, 701 (2001). Dkt 1 at 4. It also maintains that, by failing to address the *Zadvydas* framework regarding detention pending removal, Petitioner fails to carry his burden that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Ibid, citing *Zadvydas*, 533 US at 701.

Petitioner on reply reasserts arguments as to his due process claims, appearing to contend that his detention proceeds under §1225(b)(2). Dkt 7 at 3–4. He thus fails to address the Government's arguments as to the *Zadvydas* framework or the likelihood of his removal. He also asserts that he has a pending I-212 application for readmission after deportation and suggests without explanation that his pending detention violates 8 CFR §212.2(j).

Petitioner concedes that he is subject to a final order of removal. Id at 3. As such, the *Zadvydas* framework regarding detention pending removal governs. The undersigned considered that framework at length in *Abuelhawa v Noem*, 2025 WL 2937692, \*4–6 (SD Tex). That analysis is incorporated. In short, the Supreme Court interprets 8 USC §1231(a)(6) to limit post-removal order detention to a period "reasonably necessary to bring about the alien's removal from the United States." *Zadvydas*, 533 US at 689. It further holds in that regard that post-removal-period detention for six months is "presumptively reasonable." Id at 701. But after such six-month period, "once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Ibid.

Petitioner's detention of approximately two weeks is without question presumptively reasonable under *Zadvydas*, and "any challenge to his continued post-removal order detention is premature." See *Agyei-Kodie v Holder*, 418 F Appx 317, 318 (5th Cir 2011).

Beyond that, Petitioner doesn't even attempt to argue under the *Zadvydas* framework that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 533 US at 701.

2

Instead, he relies on *Zadvydas* for the general proposition that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." Dkt 1 at ¶39, citing 533 US at 690. But this ignores the actual holding of *Zadvydas*, which construed the detention statute under the constitutional-avoidance canon, while nevertheless recognizing a *presumptively reasonable* six-month period of post-removal order detention. 533 US at 701. Petitioner's present detention of two weeks, then, cannot be said to violate substantive due process.

Petitioner's arguments as to his pending I-212 application are also without merit. See Dkt 7 at 3. The cited regulation, 8 CFR §212.2(j), provides, "An alien whose departure will execute an order of deportation shall receive a conditional approval [to apply for reentry] depending upon his or her satisfactory departure." Such regulation pertains to an application for *readmission*. Petitioner doesn't explain how it has any bearing on the lawfulness of *detention* under 8 USC §1231(a)(6).

Arguments by Petitioner as to procedural due process are likewise meritless. The undersigned has previously determined that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A). See *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex). The same analysis applies to detention under 8 USC §1231(a)(6), which states, "An alien ordered removed . . ., may be detained beyond the removal period . . . ." Notably, as with §1225(b)(2)(A), nothing in §1231(a)(6) makes any mention of a bond hearing or suggests that detention requires an individualized assessment of flight risk or dangerousness. Procedural due process thus doesn't require such hearing in this context.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 6.

The petition for writ of *habeas corpus* by Petitioner Henry Geovanni Zecena is DENIED. Dkt 1.

All other pending motions are DENIED AS MOOT.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on __June 04, 2026__ , at Houston, Texas.

Honorable Charles Eskridge
United States District Judge